GUILLERMO TORRES QUIÑONES, Plaintiff and Appellee, *v.* PUERTO RICO LAND AUTHORITY, Defendant and Appellant.

No. 620.      Decided April 10, 1964.

*Alejandro Romanace, Vicente López Pérez, Osvaldo de la Luz Vélez, Gustavo de Pedro,* and *Carlos Chavier Stevenson* for appellant. *E. Berríos Dávila* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: The Puerto Rico Land Authority appears before us seeking review of a judgment rendered by the Superior Court granting a claim for overtime filed by employee Guillermo Torres Quiñones. Appellant herein was ordered to pay appellee the sum of $1,406.79 for overtime worked plus a like amount as penalty. Appellant was also ordered to pay attorney's fees in the amount of $500. The facts of the case, as found by the trial court, are as follows:

"Findings of Fact.—That the appellee began to work with the Puerto Rico Agricultural Company but when the latter was dissolved in 1955 he continued in his job with the Puerto Rico Land Authority. The latter employed the personnel of the former. When the Agricultural Company was abolished, all its properties and obligations were turned over to the defendant.

"That plaintiff worked for the Puerto Rico Land Authority mainly in the preparation of the Social Security reports, a task

which usually required him to work in excess of the daily working hours.

"That the regular working hours in defendant's offices were from 8:00 to 12:00 M. and 1:00 to 4:30 P.M., Monday through Friday, and the regular working week consisted of 37½ regular working hours. Plaintiff did not begin working at the same hour.

"That during the time plaintiff was employed by the Agricultural Company and by defendant herein he worked an average of half an hour per day overtime, for which he received no compensation whatever.

"That plaintiff earned a monthly salary of $200, from August 20, 1953 to July 1956; $225, from the latter date to August 1958; and $240, from that date to August 1959."

Its conclusions of law were the following:

"1. Act No. 379 of May 15, 1943 [sic] (29 L.P.R.A. §§ 271–278) is applicable to the case at bar.

"2. The Regulations governing the executive power of the Commonwealth of Puerto Rico (dated June 10, 1955, 3 R.&R.P.R. §§ 647–111 to 647–112) cannot be construed in the sense that defendant was not and is not bound to pay for work performed in excess of the regular hours established for the employees. Section 647–112 prescribes that 'the appointing authority may grant compensatory leave to the employees who are intermittently required to work in excess of the working day,' and in the present case defendant never granted plaintiff herein compensatory leave.

"3. The Land Authority is responsible for any extra hours worked in excess of the working day for the Agricultural Company. This clearly appears from the provisions of Act No. 106 of June 30, 1955, under which the Land Authority assumed the obligations of the Agricultural Company. Section 9 of the aforesaid Act reads thus: 'All properties, . . . of the Puerto Rico Agricultural Company, are hereby conveyed to the Land Authority of Puerto Rico. Such Agricultural Company obligations as may be outstanding at the time this Act takes effect are hereby transferred to and shall be discharged by the Authority or its subsidiaries, as the same may be allocated by the Secre-

tary of Agriculture and Commerce.' By virtue of this Act the Land Authority simply took the place of the Agricultural Company and in said capacity it is obliged to compensate plaintiff for the overtime worked for the latter and for which he received no payment."

The errors allegedly committed are, in short: That the court erred in weighing the evidence and in not giving credit to appellant's witnesses; in considering as applicable hereto the provisions of Act No. 379 (29 L.P.R.A. §§ 271 to 288) — mainly on the basis of *Communications Authority* v. *Superior Court; Delgado, Int.*, 87 P.R.R. 1 (1962) ; and in granting attorney's fees in the sum of $500.[1] It is our opinion that none of these errors were committed.

In *Communications Authority* v. *Superior Court; Delgado, Int., supra* (Blanco Lugo), and Reconsideration of December 18, 1963 (Ramírez Bages), it was specifically held that the fact that the agency is covered by the regulations of the Personnel Act, *ipso jure* excludes the application of Act No. 379. It was stated that said act "has the legal effect" of excluding the employees from the provisions of Act No. 379, although it was recognized that the intervener was entitled to receive compensatory leave pursuant to the provisions of §§ 111 and 112 of the Personnel Regulations (3 R.&R.P.R. §§ 647–111 and 647–112) inasmuch as under the regulations of the Personnel Board neither the government nor the agency concerned were given immunity from a claim for extra hours worked by its employees. It was added that said regulation "establishes only one form of payment—by compensatory leave—which is consistent with the provisions of the working period legislation."

However, in the opinion this Court refers to two cases which we consider are decisive in disposing of the present case, thus:

---

[1] The brief filed by appellant has no specific assignment of errors.

"*Lebrón* v. *Puerto Rico Aqueduct, etc.*, 68 P.R.R. 1 (1948), and *Tulier* v. *Land Authority*, 70 P.R.R. 249 (1949), considered the propriety of claims for extra hours worked by employees of two government agencies. However, they were decided on the basis of the provisions of the acts creating defendant instrumentalities: in *Lebrón* it was said that there was nothing in the Act creating it which exempts the Aqueduct Service from complying with the acts regulating the wages and working conditions of the workmen, and that, on the contrary, § 5(*b*) of Act No. 40 of May 1, 1945, . . . contained an express mandate to the effect that the wage rates and the terms and conditions of employment should conform to the provisions of the laws in force, among which was Act No. 49 of August 7, 1935 establishing the working hours; in *Tulier,* the same *ratio decidendi* was adopted, namely, the Act creating the Land Authority was examined in order to conclude that nothing therein exempted it from keeping and complying with the working period legislation and that, on the contrary, by virtue of §§ 65(*b*) and 67 of Act No. 26 of April 12, 1941, 28 L.P.R.A. §§ 463 and 482 . . . it was evident that it contemplated compliance with the wage and hour legislation."

Consequently, the distinctive characteristic between the case at bar and *Communications Authority, supra,* takes significance. Because of its similarity with the *Lebrón* and *Tulier* cases, the result produced is different from the former. In this connection, we said in *Communications Authority, supra:*

"Before considering this basic issue, it is well to note that the Act creating the Communications Authority does not contain provisions similar to § 5(*b*) of the original Aqueduct Service Act nor to §§ 65(*b*) and 67 of the Land Law. . . . We can not therefore apply the reasoning of the cases of Lebrón and Tulier to dispose of this appeal."[2]

From a careful examination of the entire record, it appears that the challenge against the weighing of the evi-

[2] See our most recent holding in *Martín Santos* v. *U.R.H.C.*, 89 P.R.R. 173 (1963).

dence and the refusal to give credit to appellant's witnesses lacks merits.

We do not find any sound reason to disturb the award for attorney's fees.

The judgment of the Superior Court will be affirmed.